IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 10-20129-06-KHV |
| | ) | |
| MARK BROOKS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On August 28, 2014, the Court sentenced defendant to 420 months in prison. On October 30, 2017, the Court denied defendant's motion to vacate sentence under 28 U.S.C. § 2255. This matter is before the Court on defendant's pro se Motion For Appointment Of Counsel (Doc. #1035) filed October 15, 2019. Defendant asks the Court to appoint counsel to assist him in filing a motion to reduce sentence. For reasons stated below, the Court overrules defendant's motion.

**I.     Appointment Of Counsel To File Motion Under Sentencing Amendment 782**

Defendant first seeks counsel to file a motion for relief under Amendment 782 to the United States Sentencing Guidelines, which lowered the base offense levels for certain quantities in the Drug Quantity Table at U.S.S.G. § 2D1.1(c). Defendant is not eligible for relief under Amendment 782 because his guideline range remains the same under the amended guidelines. See United States v. Norwood, 624 F. App'x 669, 670 (10th Cir. 2015) (defendant cannot obtain relief under Section 3582(c)(2) unless amendment lowers applicable guideline range). At the original sentencing, beyond the threshold quantity to qualify for the highest base offense level of 38, the Court did not need to make a specific finding of the quantity of cocaine base. See Presentence Investigation Report ("PSR") (Doc. #636) filed November 8, 2011, ¶ 154 (finding drug quantity "exceeds 4.5 kilograms of more of cocaine base"). Even if the Court used the most

conservative estimate outlined in the presentence report, defendant's total offense level is reduced two levels to a total of 40 under the amended guidelines, with a criminal history category III. See U.S.S.G. § 2D1.1(c)(2) (Nov. 1, 2018 ed.) (base offense level of 36 for at least 8.4 kilograms but less than 25.2 kilograms of cocaine base). Even so, defendant's guideline range remains the same: 360 months to life in prison. Accordingly, defendant is not entitled to relief. See Norwood, 624 F. App'x at 670; United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008); see also U.S.S.G. § 1B1.10(a)(2)(B) (2018) (reduction in term of imprisonment not consistent with policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2) if amendment does not have effect of lowering applicable guideline range). Because defendant is not eligible for relief under Amendment 782, the Court overrules his motion to appoint counsel to raise this issue.

## II. Appointment Of Counsel To File Motion Under First Step Act Of 2018

Defendant also seeks counsel to file a motion under the First Step Act of 2018, which retroactively applies the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. Law 111-220; 124 Stat. 2372. See First Step Act § 404(a) (First Step Act applies to sentences for violation of federal criminal statute with statutory penalties modified by Fair Sentencing Act that was committed before August 3, 2010). Effective August 3, 2010, the Fair Sentencing Act reduced the amount of cocaine base needed to trigger certain statutory minimum and maximum sentences. See 21 U.S.C. § 841(b)(1)(A)(iii) (raising from 50 to 280 grams the amount of cocaine base needed to trigger statutory range of 10 years to life in prison); 21 U.S.C. § 841(b)(1)(B)(iii) (raising from 5 to 28 grams the amount of cocaine base needed to trigger statutory range of 5 to 40 years in prison). Under the First Step Act of 2018, the Court may impose a reduced sentence as if the revised statutory penalties of the Fair Sentencing Act were in effect at the time the covered offense was committed. First Step Act § 404(b).

Here, the Second Superseding Indictment (Doc. #514) charged defendant based on the revised penalties of the Fair Sentencing Act. See Second Superseding Indictment (Doc. #514) filed July 27, 2011, Count 1 (conspiracy with intent to distribute more than 280 grams of cocaine base). Because defendant was charged and sentenced based on the revised statutory penalties of the Fair Sentencing Act of 2010, the Court lacks jurisdiction to modify his sentence under the First Step Act. See First Step Act § 404(c) (no court shall entertain motion under this section if sentence previously imposed in accordance with amendments in sections 2 and 3 of Fair Sentencing Act of 2010). The Court therefore overrules defendant's motion to appoint counsel to seek relief under the First Step Act.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Appointment Of Counsel (Doc. #1035) filed October 15, 2019 is **OVERRULED**.

Dated this 20th day of December, 2019 at Kansas City, Kansas.

>s/ Kathryn H. Vratil
>KATHRYN H. VRATIL
>United States District Judge