IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 10-20129-06-KHV |
| ) | |
| MARK A. BROOKS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER TO SHOW CAUSE**

On November 15, 2011, the Court sentenced defendant to 420 months in prison and 25 years of supervised release. The Court on its own motion may reduce a sentence if the defendant was sentenced based on a guideline range that the Sentencing Commission has subsequently lowered. See 18 U.S.C. § 3582(c)(2).

At sentencing, based on a total offense level 42 and criminal history category III, defendant's guideline range was 360 months to life. See Presentence Investigation Report (Doc. #636) filed November 8, 2011, ¶ 200. The Court sentenced defendant to 420 months. Amendment 782 to the Sentencing Guidelines appears to lower defendant's total offense level four levels with an amended guideline range of 292 to 365 months.[1] Accordingly, the Court directs

---

[1] After Amendments 750 and 782 and based on a total of 4.5 kilograms of crack cocaine attributed to defendant (the minimum amount that the Court necessarily attributed to defendant at the original sentencing), his base offense level is reduced from 40 to 36. See U.S.S.G. § 2D1.1(c)(3) (offense level 34 if offense involved at least 2.8 kilograms but less than 8.4 kilograms of crack cocaine); U.S.S.G. App. C, Vol. III, Amend. 750, 782; U.S.S.G. § 2D1.2(a) (two-level enhancement of base offense level for distribution within a protected location). After applying the same adjustment that the Court applied at defendant's original sentencing (two level enhancement for a firearm), defendant's total offense level is 38 under the amended Guidelines. Based on a total offense level 38 and criminal history category III, defendant's amended guideline range is 292 to 365 months.

that the parties show good cause in writing why the Court on its own motion—under 18 U.S.C. § 3582(c)(2) and Amendment 782—should not reduce defendant's sentence from 420 months to either 330 months (a proportionate reduction within the new guideline range) or 292 months (the low end of the new guideline range).

**IT IS THERFORE ORDERED that on or before February 2, 2021, the Office of the Federal Public Defender shall enter an appearance for defendant if it can do so without violating relevant canons of ethics.**

**IT IS FURTHER ORDERED that the parties shall show good cause in writing why the Court on its own motion—under 18 U.S.C. § 3582(c)(2) and Amendment 782—should not reduce defendant's sentence from 420 months to either 330 months or 292 months. Within 28 days after counsel enters an appearance for defendant, the government shall file a response.  Within 14 days after the government files a response, defendant shall file a response.**

The Clerk is directed to forward a copy of this order to the Office of the Federal Public Defender.

Dated this 21st day of January, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge