IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 10-20129-06-KHV |
| **MARK BROOKS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On November 15, 2011, the Court sentenced defendant to 420 months in prison and 25 years of supervised release. On February 4, 2021, on its own motion under 18 U.S.C. § 3582(c)(2) and retroactive Amendments 750 and 782 to the Sentencing Guidelines, the Court reduced defendant's sentence to 330 months in prison. This matter is before the Court on Defendant's Pro Se Motion For Reduction In Sentence (Doc. #1174) filed February 14, 2024, which seeks both a reduced sentence under Section 3582(c)(2) and compassionate release. On March 29, 2024, the Office of the Federal Public Defender notified the Court that it does not intend to enter an appearance for defendant. For reasons stated below, the Court dismisses defendant's motion to the extent that he seeks relief under Section 3582(c)(2) and overrules his motion to the extent he seeks compassionate release.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal

Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c). Here, defendant seeks a reduced sentence under retroactive Amendment 821, 18 U.S.C. § 3582(c)(2), and compassionate release for "extraordinary and compelling reasons," 18 U.S.C. § 3582(c)(1)(A)(i).

**I.     Sentencing Amendment 821**

Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c).  To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors in Section 3553(a).  United States v. C.D., 848 F.3d 1286, 1289–90 (10th Cir. 2017).  Under Tenth Circuit precedent, the first hurdle is jurisdictional.  Id. at 1289; see United States v. Mata-Soto, No. 22-3012, 2022 WL 2128429, at *1 (10th Cir. June 14, 2022).

Defendant argues that he is entitled to relief under Section 3582(c)(2) because Amendment 821 to the United States Sentencing Guidelines does not include criminal history points for defendants who commit offenses while on supervised release.[1]  The Sentencing

---

[1]     Defendant also notes that Amendment 821 provides for a two-level reduction if a
(continued. . .)

Commission voted to apply the amendment retroactively to offenders who are currently incarcerated. U.S.S.G. § 1B1.10(d). The Court originally added two criminal history points because defendant committed the instant offense while he was serving a term of supervised release. U.S.S.G. § 4A1.1(d) (Nov. 1, 2009 ed.). Amendment 821 reduces defendant's criminal history points from 6 to 4. See U.S.S.G. § 4A1.1(e) (Nov. 1, 2023 ed.) (adding one criminal history point for offenses committed while on supervised release and only if defendant otherwise has at least seven criminal history points). Even so, because a criminal history category III includes offenders with four, five or six points, defendant's criminal history category and his corresponding guideline range remain the same. Accordingly, the Court dismisses defendant's motion to reduce sentence.

## II.     Compassionate Release

The Court may grant compassionate release if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) Section 3553(a) factors warrant a reduced sentence. 18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021). On November 1, 2023, the Sentencing Commission issued an applicable policy statement for motions for compassionate release filed by defendants. U.S.S.G. § 1B1.13(b), Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement). Under the policy statement, the Sentencing Commission has determined that extraordinary and compelling reasons exist if

---

¹(. . .continued)
defendant has zero criminal history points. See U.S.S.G. § 4C1.1(a). Defendant is not eligible for relief under this provision because even after Amendment 821, he has four criminal history points. See Presentence Investigation Report (Doc. #636) filed November 8, 2011, ¶¶ 164–69.

defendant establishes any one or combination of the following circumstances: (1) he has certain medical conditions; (2) he is at least 65 years old and has experienced a serious deterioration in health; (3) he has family circumstances which require him to act as a caregiver; (4) he was a victim of sexual or physical abuse by or at the direction of a correctional officer or other individual who had custody of him; (5) any other circumstances or combination of circumstances that when considered by themselves or together with any of the first four categories, are similar in gravity to the circumstances described in those four categories; and (6) a change of law if defendant has served ten years of an unusually long sentence and the change would produce a gross disparity between the sentence being served and the sentence likely to be imposed today.  U.S.S.G. § 1B1.13(b)(1)–(6).

### A.   Extraordinary And Compelling Reasons For A Reduced Sentence

Defendant asks the Court to reduce his sentence because (1) under current law, his sentencing guideline range would be lower, (2) he is 45 years old and (3) he has shown rehabilitation in prison.

#### 1.   Change In Law

Defendant argues that the Court should reduce his sentence because under the current Guidelines, his total offense level is 36, which is two levels lower than the amended offense level which the Court applied in February of 2021.  Defendant does not explain the basis of his calculation.  Even if defendant could show that his guideline range would be lower under the current version of the Guidelines, he has not established extraordinary and compelling reasons for a reduced sentence.

A change of law potentially can constitute an extraordinary and compelling reason for a reduced sentence under the policy statement.  U.S.S.G. § 1B1.13(b)(6).  The policy statement

specifically excludes, however, a change of law based on "an amendment to the Guidelines Manual that has not been made retroactive."  Id.  In addition, the Court cannot consider the impact of a non-retroactive Guidelines amendment under the catchall provision of Section 1B1.13(b)(5).  See U.S.S.G. § 1B1.13(c), Limitations on Changes in Law ("Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement.").  Therefore, defendant has not shown that any purported change in the Guidelines is an extraordinary and compelling reason to reduce his sentence.[2]

### 2. Current Age

Defendant argues that his current age of 45 is an extraordinary and compelling reason for a reduced sentence.  Defendant has not shown, however, how this fact in combination with the circumstances of his case is an extraordinary and compelling reason or that this reason is similar in gravity to the circumstances identified in the first four categories of the applicable policy statement.  Defendant apparently relies on the general principle that an offender's risk of recidivism decreases with age.  Of course, this fact is common to every prisoner and is not an extraordinary and compelling reason for all prisoners to receive reduced sentences.  In sum, defendant's age of 45 is not an extraordinary and compelling reason to reduce his sentence.

---

[2] Defendant argues that extraordinary and compelling reasons exist because of the disparity between the length of his sentence relative to offenders today with similar conduct.  As explained above, defendant has not shown that his sentence would be different under the current version of the Guidelines.  The guideline ranges reflect the relative culpability and criminal history of each defendant.  Defendant has not shown that the length of his sentence relative to the average sentence of similar offenders today is an extraordinary and compelling reason for release.

3. Rehabilitation

Defendant argues that his rehabilitation warrants relief. Rehabilitation alone is not an extraordinary and compelling reason for relief. See 28 U.S.C. § 994(t) (while Sentencing Commission shall issue policy statements on what constitutes reasons for sentence reduction, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason"). Defendant has taken a number of classes and made some progress toward rehabilitation. Even so, defendant's rehabilitation efforts in combination with his other stated reasons do not constitute an extraordinary and compelling reason for relief, and certainly not one of similar gravity to the circumstances identified in the first four categories of the applicable policy statement.

In sum, defendant's stated reasons—alone and collectively—are not "extraordinary and compelling" within the meaning of the compassionate release statute.

B. Section 3553 Factors

Even if defendant could somehow show that his stated grounds for relief constitute "extraordinary and compelling" reasons for a reduced sentence and that such a finding is consistent with the applicable policy statement, the Court would deny relief after considering the factors under 18 U.S.C. § 3553(a). The Court considers the nature and circumstances of the offense, defendant's personal history and characteristics, the purposes of sentencing including the need to protect the public from further crimes of defendant, any threat to public safety and the need to avoid unwanted sentence disparities among defendants with similar records who are convicted of similar conduct. See 18 U.S.C. § 3553(a).

Some three years ago, on its own motion, the Court reduced defendant's sentence from 420 months to 330 months. See Order (Doc. #1084) filed February 4, 2021. At that time, the

parties agreed that a reduced sentence of 330 months—near the middle of the amended guideline range of 292 to 365 months—was appropriate. See Joint Memorandum In Support Of Sentence Reduction (Doc. #1083) filed February 2, 2021. Defendant has not shown any circumstances which alter this Court's prior conclusion. A sentence of time served or some other reduced sentence is inconsistent with the seriousness of defendant's offense, the need for deterrence and the need to protect the public. Defendant had prior convictions for unlawful use of weapons and distribution of cocaine base. Presentence Investigation Report (Doc. #636), ¶¶ 167–68. Defendant served some nine years in prison for the prior drug distribution conviction. Even so, only five months after the Bureau of Prisons released defendant, he joined another large-scale drug trafficking conspiracy which led to the charges in this case. As part of the offense conduct, defendant and others trafficked a significant amount of crack and powder cocaine within 1000 feet of a middle school and possessed firearms. Id., ¶¶ 154–55. The Court recognizes that defendant has completed a significant portion of his original sentence and apparently has made some progress toward rehabilitation. On balance, however, the factors under Section 3553(a) do not support a reduction of defendant's sentence below 330 months.

In sum, defendant has not shown "extraordinary and compelling" reasons for a reduced sentence, that the applicable policy statement is consistent with a finding of "extraordinary and compelling" reasons or that the factors under Section 3553(a) support a reduced sentence. The Court therefore overrules defendant's motion for compassionate release.

**IT IS THEREFORE ORDERED** that Defendant's Pro Se Motion For Reduction In Sentence (Doc. #1174) filed February 14, 2024, which the Court construes as a motion to reduce sentence under Section 3582(c)(2) and a motion for compassionate release, is **DISMISSED to the extent defendant seeks relief under 18 U.S.C. § 3582(c)(2) and is OVERRULED to the extent**

**defendant seeks compassionate release**.

Dated this 26th day of April, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge